IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | No. 3:10-cr-00138 |
| | ) | Judge Nixon |
| v. | ) ) | |
| DARIN LEE MCALLISTER, | ) ) | |
| Defendant. | ) ) | |

## ORDER

Pending before the Court is an order of remand for further findings of fact entered by the United States Court of Appeals for the Sixth Circuit (Doc. No. 129), following an appeal by Defendant Darin Lee McAllister. *United States v. McAllister*, -- F.3d --- (6th Cir. 2012).

In his appeal, Defendant claimed (1) the Court erred in denying his *Batson* challenge to the prosecution's use of peremptory strikes against African-American jurors; (2) judicial misconduct; (3) prosecutorial misconduct; and (4) ineffective assistance of counsel at trial. (*Id.*)

While the Court of Appeals rejected Defendant's claims of misconduct and ineffective assistance of counsel, it remanded for further findings of fact on the *Batson* challenge. (*Id.* at 8–18.) Specifically, the appellate court held that this Court's ruling on Defendant's *Batson* challenge did not meet the requirements of explicit, on-the-record analysis of each element of such a challenge. (*Id.* at 8–11.) As a result, it remanded for the Court "to make explicit on-the-record findings as to whether McAllister established the existence of purposeful race discrimination in the selection of his jury, and whether his *Batson* challenge requires that his conviction be reversed." (*Id.* at 12.) The Court of Appeals noted that, "[i]n making those

1

findings, the [district] court must consider all evidence, including juror questionnaires, that bear on the issue of racial animosity." (*Id.* at 12–13.)

The Court hereby **SETS** a <u>**status conference by telephone conference call**</u> for **Thursday, October 4, 2012, at 1:00 p.m.**, to be initiated by the Court. The Court requests that the parties prepare to discuss how to proceed with this unusual remand and what evidence will be used for the findings of fact.

It is so ORDERED.

Entered this the \_\_\_20th\_\_\_ day of September, 2012.

 

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT